IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

```
U.S. DISTRICT COURT - N.D. OF N.Y.
        F I L E D
        NOV - 9 2005
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton
```

UNITED STATES OF AMERICA,

-vs-                                        Criminal No. 02-CR-291 (TJM)

THOMAS OVERBAUGH,

      Defendant.

## *EX PARTE* RESTRAINING ORDER

      The United States, by and through Glenn T. Suddaby, United States Attorney for the Northern District of New York, and Thomas A. Capezza, Assistant United States Attorney, having made application to this Court pursuant to 21 U.S.C. § 853(e)(1)(A) for a Restraining Order to preserve the availability of certain property that is subject to forfeiture in the above-captioned criminal action, to wit: 1644 East Street, Pittsfield, Massachusetts ("1644 East Street"); and

      Upon consideration of the United States' application and letter brief submitted in support thereof, the Superseding Indictment returned in this case, and the defendant's plea of guilty to offenses charged in the Superseding Indictment, it appears to the Court that there is reasonable cause to enter a Restraining Order to preserve 1644 East Street, based upon the following:

      1.      On March 19, 2003, a federal grand jury returned a Superseding Indictment against Thomas Overbaugh, among others, with violations of 21 U.S.C. § 846, 18 U.S.C. §§ 2, 1956(a)(1)(B)(I) and 1956(h). The Superseding Indictment included the following: forfeiture allegations seeking the criminal forfeiture of certain property under 21 U.S.C. § 853 and 18

U.S.C. § 982(a)(1), including 1644 East Street, in which defendant Overbaugh holds an interest; and a $7,000,000 money judgment in that such sum, in aggregate, was exchanged and received in exchange for the distribution of marijuana, or was intended to be so exchanged between in or about 1985 up to and including August of 2002, or is traceable thereto, and was subsequently expended, spent, distributed or otherwise disposed of during the period beginning in or about 1985 and continuing to August of 2002; and

2. The federal grand jury's Superseding Indictment of Thomas Overbaugh, which specifically identified 1644 East Street as being subject to forfeiture under 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), as well as the United States' application to the Court, establish sufficient probable cause for the issuance of this *Ex Parte* Restraining Order; and

3. The property with respect to which this Order is sought, 1644 East Street, is subject to forfeiture under 18 U.S.C. § 982(a)(2) and 21 U.S.C. § 853; and

4. The need to preserve the availability of 1644 East Street through the entry of this Order outweighs any hardship on any party against whom this Order is to be entered, as there is a pending sale that is proceeding and expected to satisfy not only the lien of Berkshire Bank, but those of other lien holders, as well.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** that effective immediately, Berkshire Bank, its attorneys, agents and/or employees, and any other entities, financial institutions or individuals who have any interest in or control over 1644 East Street, including Lone Star, Inc. and the City of Pittsfield, Massachusetts, are hereby:

**RESTRAINED, ENJOINED AND PROHIBITED,** without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability or value of 1644 East

Street, including, but not limited to, selling, transferring, or in any way diminishing the value of all or any part of their interest, direct or indirect, in the aforesaid real property; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that the United States may seek modifications of this Order if it is deemed necessary by it to preserve its interest in 1644 East Street; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that the United States Attorneys Office or its designee shall promptly serve a copy of this Restraining Order via facsimile and overnight delivery upon Emil J. George, Esq., attorney for Berkshire Bank; and via overnight delivery upon Lone Star, Inc., and the City of Pittsfield, and shall subsequently file certificates of service reflecting the dates of service; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that this Restraining Order shall remain in full force and effect, for a period of ninety (90) days renewable for good cause shown, or until further Order of this Court.

Dated: __November 9__, 2005

at __Binghamton__, New York

SO ORDERED:

_____
HONORABLE THOMAS J. MCAVOY
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF NEW YORK